Case 7:24-cr-01337   Document 1   Filed 09/04/24 in TXSD   Page 1 of 5

United States Courts 79
Southern District of Texas
FILED
*September 04, 2024*
Nathan Ochsner, Clerk of Court

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § § | |
| v. § § | Criminal No. **M-24-1337** |
| ELIZABETH BATTEN § § | |

### SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

At all times material to this Indictment:

### THE DEFENDANT

1. ELIZABETH BATTEN ("BATTEN") was a resident of Hidalgo County, Texas.

2. BATTEN ("Defendant") was employed as the Director of Financing at McCreery Aviation ("MA"), a company owned by Bob McCreery, and located in McAllen, Texas.

3. McCreery Aviation is a well-established business that provides aviation services, including maintenance, repair, and operations, to a broad range of clients.

4. As the Director of Financing, the BATTEN was entrusted with significant financial responsibilities, including managing McCreery Aviation's accounts payable and ensuring that company funds were used appropriately for business operations.

5. BATTEN had access to McCreery Aviation's financial resources, including but not limited to company checks, bank accounts, and credit card accounts.

6. BATTEN was authorized to use a company credit card for business-related expenses strictly within the scope of her employment and in furtherance of McCreery Aviation's business interests.

7. Under no circumstances was BATTEN authorized to use company funds for personal expenses or to pay off personal debts.

8. During the period of BATTEN's employment, BATTEN was entrusted by Mr. McCreery with signed blank checks from McCreery Aviation's bank accounts. Mr. McCreery, who frequently traveled for business, left these signed checks in the office to ensure that essential operating expenses could be covered in his absence. These checks were intended solely for legitimate business expenditures and were not to be used for any unauthorized purposes.

9. BATTEN exploited her position of trust and her access to McCreery Aviation's financial resources to unlawfully divert funds from McCreery Aviation's accounts for her personal benefit.

## SCHEME AND ARTIFICE TO DEFRAUD

10. Beginning in or around 2019, and continuing until on or around 2023, within the Southern District of Texas and elsewhere, the Defendant knowingly and intentionally devised and intended to devise a scheme to defraud McCreery Aviation and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises. BATTEN executed the scheme through the following actions.

11. The object of the scheme was for the Defendant to unlawfully enrich herself by using McCreery Aviation funds, specifically through checks drawn from McCreery Aviation's bank accounts, to pay for her personal credit card expenses, without authorization.

12. The Defendant knowingly placed several checks described below in the United States mail system, intending that they would be delivered to the financial institutions according to the directions thereon, and that the payments would be applied to her personal credit card accounts.

13. The Defendant knowingly caused the delivery and successful completion of several unauthorized checks drawn on McCreery Aviation accounts by mail, ultimately defrauding McCreery Aviation of $1,191,492.34 dollars.

## Counts One through Ten
### (Mail Fraud 18 U.S.C. § 1341)

14. From on or about **January 1, 2019**, through on or about **December 31, 2023**, in the **Southern District of Texas** and elsewhere, the Defendant,

### ELIZABETH BATTEN

with the intent to defraud, **devised** the above-described scheme and artifice to defraud and obtain **money** by materially false and fraudulent pretenses, representations, and promises.

15. On or about the dates listed below, in the District of Southern District of Texas, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, Defendant knowingly caused to be delivered by mail according to the direction thereon the following matter: to wit several checks drawn on the bank account of McCreery Aviation,

| Count | Check Date | Check No. | Check Amount | Payee | Drawn Account |
|-------|------------|-----------|--------------|-------|---------------|
| 1 | 8/7/2023 | 54370 | $5,707.72 | American Express | 1-81007 |
| 2 | 9/7/2023 | 54463 | $2,052.34 | American Express | 0-82007 |
| 3 | 9/7/2023 | 54464 | $2,466.02 | American Express | 1-81007 |
| 4 | 9/7/2023 | 54465 | $3,681.96 | Chase Visa Card | 4862 |
| 5 | 9/26/2023 | 54467 | $2,485.86 | Bank of America | 4862 |
| 6 | 9/26/2023 | 54466 | $1,982.75 | Chase Visa Card | 7488 |
| 7 | 9/26/2023 | 54561 | $1,546.03 | American Express | 1-81007 |

| 8 | 9/26/2023 | 54564 | $4,393.10 | Bank of America | 4862 |
| 9 | 9/26/2023 | 54565 | $1,778.00 | Bank of America | 4862 |
| 10 | 9/26/2023 | 54567 | $1,770.00 | Chase Visa Card | 7488 |

All in violation of Title 18, United States Code, Sections §1341.

## NOTICE OF FORFEITURE
### 18 USC § 982(a)(7), 18 USC § 981(a)(1)(C) and 28 USC § 2461(c)

The allegations contained in Counts One through Ten of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 982(a)(7), Title 18, United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c). Upon conviction of an offense in violation of Title 18, United States Code, Section 1341, defendant,

## ELIZABETH BATTEN

shall forfeit to the United States any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offense.

## SUBSTITUTE ASSETS

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

The United States of America shall be entitled to forfeiture of substitute property pursuant to Title 18, United States Code, Section 892(b) and Title 21, United States Code, Section 853(p).

TRUE BILL

_____
FOREPERSON

ALAMDAR S. HAMDANI
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY